# Exhibit D

# MOBILE SOLAR EQUIPMENT SUBLEASE

| SUBLESSOR: | | Mobile Solar Equipment Sublease No. |
|---|---|---|
| DC Solar Distribution, Inc.<br>4901 Park Road<br>Benicia, CA 94510 | | **3731** |

| SUBLESSEE: |
|---|
| International Speedway Corporation<br>International Motorsports Center<br>One Daytona Boulevard<br>Daytona Beach, FL 32114 |

| RENTAL TERM | RENTAL PAYMENTS | DEPOSIT |
|---|---|---|
| 120 Months | $900 per month per unit | $0 |

| SUBLESSOR CONTACT INFORMATION: | PHONE NO: |
|---|---|
| Paulette Carpoff | 925.203.1088 |

## MOBILE SOLAR EQUIPMENT SUBLEASE

THIS MOBILE SOLAR EQUIPMENT SUBLEASE ("Sublease") is entered into this 27th day of Sept 2017, by and between DC SOLAR DISTRIBUTION, INC., a California corporation ("Sublessor") and INTERNATIONAL SPEEDWAY CORPORATION, a Florida corporation ("Sublessee") based upon the following facts and circumstances.

Sublessor and non-party SunTrust Equipment Finance & Leasing Corp., a Georgia corporation ("Lessor") entered into that certain Mobile Solar Equipment Lease dated September 25, 2017, (the "Master Lease") pursuant to which Lessor leased to Sublessor certain solar equipment described in Schedule A of the Master Lease. Capitalized terms used herein without definition shall have the meaning set forth in the Master Lease. A copy of the Master Lease is attached hereto and incorporated herein by reference.

Sublessor and Sublessee desire to enter into this Sublease for a portion of the solar equipment that is the subject of the Master Lease.

NOW, THEREFORE, in consideration of the mutual covenants and promises hereinafter set forth, the parties, intending to be legally bound, agree as follows:

1.      **SUBLEASE.** Sublessor hereby subleases to Sublessee and Sublessee hereby subleases from Sublessor 500 Solar Eclipse mobile solar generators as listed on Schedule "A" attached hereto and all accessories, upgrades, additions, substitutions, replacement parts and tools pertaining thereto (collectively, the "Solar Equipment"), it being understood by the parties that Sublessee shall only be obligated to sublease the mobile solar generators listed on Schedule A hereto. The Solar Equipment includes any and all accessions, accessories, upgrades, additions, substitutions, replacement parts and tools pertaining thereto  (as defined in California Commercial Code section 9102(1)), which shall become part of the Solar Equipment and be subject to all terms and conditions hereof. Sublessee may not assign its rights under this Sublease, in whole or in part, without the prior written consent of Sublessor, which consent may be given or denied in Sublessor's sole and absolute discretion.  Any assignment in violation of this Section 1 shall be null and void.  Upon Lessee's receipt of each shipment of Solar Generators, Lessee shall, upon satisfactory inspection of each Solar Generator, complete, execute and provide to Lessor an Acceptance Certificate in the form attached hereto as Exhibit A.

2.      **MASTER LEASE.** Sublessee's use of the Solar Equipment is subject to all terms and conditions of the Master Lease.  To the extent there is a conflict between the terms of the Master Lease and this Sublease, this Sublease shall prevail.  No term, condition or provision of the Master Lease may be modified, amended or deleted without the prior written consent of Lessor.

3.     TERM.  The term of this Sublease shall commence on September 25, 2017 and shall expire 120 months thereafter (the "Term").  All provisions of this Sublease and the Master Lease shall apply during any extended term except as may be otherwise provided in any subsequent written agreement of the parties modifying this Sublease.

4.     RENT.  The monthly rent (the "Base Rent") shall be nine hundred dollars ($900.00) per solar generator.  Sublessor shall begin delivery of the Solar Equipment upon execution of this Sublease. Sublessor shall continue delivery to Sublessee until such time as all Solar Generators required by Sublessee have been delivered.  Base Rent for Solar Equipment delivered during any calendar month shall be prorated based on the number of full days remaining in such calendar month from the date of receipt and shall be included in the next month's rent payment.  Sublessor shall invoice Sublessee Base Rent for the number of units of then in possession or control of or subleased by Sublessee, plus, until such time as all Solar Generators required by Sublessee have been delivered to Sublessee, any prorated Base Rent, as described above. Rent payments should be sent to 4901 Park Road, Benicia, CA  94510, or at such other address as Sublessor may designate in writing from time to time. Any rent payment not received by the fifth (5th) day of the month shall be considered late and Sublessor shall provide written notice of such late payment to Sublessee and Sublessee shall have 10 business days to cure.  If Sublessee does not cure such late payment within 10 business days of receipt of the written notice then Sublessor, in addition to Sublessor's other remedies, Sublessor may assess a late payment charge equal to ten percent (10%) on any overdue amount. The late payment charge shall be considered additional rent.  Rent for any partial month shall be prorated.  Sublessee may re-rent the Solar Equipment for events occurring at the racetracks where the Solar Equipment is located for a minimum of $300 per unit per event. In addition to Base Rent, Sublessee shall pay Sublessor 50% of the revenue generated from re-rental of the Solar Equipment, with a minimum of $150 per unit per event to Sublessor (the "Re-Rent Revenue Split").  Sublessee shall provide to Sublessor written reports on at least a quarterly basis detailing Sublessee's re-rent activity along with payment of the Re-Rent Revenue Split.

5.     REPRESENTATIONS, WARRANTIES AND COVENANTS.

(a)  Organization; Good Standing and Qualification.  As of the date hereof, each party hereto represents and warrants to the other party that it (i) is a legal entity duly organized, validly existing and in good standing under the laws of its jurisdiction of organization, (ii) has all requisite power and authority to own, lease and operate its properties and assets and to carry on its business as presently conducted and (iii) is qualified to do business and is in good standing as a foreign corporation or other legal entity in each jurisdiction where the ownership, leasing or operation of its assets or properties or conduct of its business requires such qualification.

(b)  Authority; Approval.  As of the date hereof, each party hereto represents and warrants to the other party that (i) it has all requisite power and authority, (ii) it has taken all action necessary in order to execute, deliver and perform this Sublease and its obligations hereunder and consummate the transactions contemplated hereby and (iii) this Sublease has been duly executed and delivered by it and is a valid and binding agreement, enforceable against it in accordance with its terms, subject to bankruptcy, insolvency, fraudulent transfer, reorganization, moratorium and similar laws of general applicability relating to or affecting creditors' rights and to general equity principles.

(c)  No Conflicts, Compliance with Laws.  As of the date hereof, each party hereto represents and warrants to the other party that (i) no notices, reports or other filings are required to be made by such party with, nor are any consents, registrations, approvals, permits or authorizations required to be obtained by such party from, any third party in connection with the execution, delivery and performance of this Sublease by such party, or the consummation of the transactions contemplated hereby; (ii) the execution, delivery and performance of this Sublease by such party, does not, and the consummation of the transactions contemplated hereby will not, constitute or result in (A) a breach or violation of, or a default under such party's organizational documents or (B) with or without notice, lapse of time or both, a breach or violation of, a termination (or right of termination) or default under, the creation or acceleration of any obligations under or the creation of a lien on any of its assets pursuant to any material contract binding upon such party or under any law to which such party is subject or (C) any change in the rights or obligations of any party under any material contract binding upon such party; and (iii) the business of such party has not been, and is not being, conducted in material violation of any applicable laws.

(d)  Taxes.

(i)   Sublessee acknowledges that Lessor or certain third parties may obtain investment tax credits, such as the investment tax credits provided by Section 48(a)(1) of the Internal Revenue Code of 1986, as amended ("Tax Credits"), through the use of the Solar Generators continuously producing solar energy.  Sublessor acknowledges that it has been informed of Sublessee's proposed use of the Solar Generators and that such use is not anticipated to disallow or jeopardize the Tax Credits.  Sublessee makes no representation or warranty with respect to the Tax Credits and the use thereof shall be the sole responsibility of Sublessor.

(ii)  Sublessee represents and warrants to Sublessor that is not related to, or an affiliate of, Sublessor, Solarmore Management Services, Inc., or DC Solar Solutions, Inc.; provided that as used herein, "affiliate" means, with respect to any designated entity, any other entity that directly or indirectly through one or more intermediaries, controls, or is controlled by, or is under common control with, such designated entity. The term "control" (including the terms "controlled by" or "under common control with") means the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of an entity, whether through ownership, by contract or otherwise; provided, however, that, in any event, any entity that owns directly or indirectly ten percent (10%) or more of the securities having ordinary voting power for the election of directors or other governing body of a corporation or ten percent (10%) or more of the partnership or other ownership interests of any other entity (other than as a limited partner of such other entity) will be deemed to control such entity.

6.      **SHIPPING COSTS.** Sublessor shall pay the costs to transport the Solar Generators from Sublessor to Sublessee's initially designated locations.

7.      **USE; MAINTENANCE AND REPAIR.**    Sublessee shall use the Solar Equipment so that it remains capable of producing electricity from solar energy continuously during the Term, unless such Solar Equipment becomes damaged or requires repairs, in which case Sublessee shall promptly notify Sublessor of the need for repairs.  Sublessee shall maintain the Solar Equipment and shall promptly, at is expense, repair any damaged Solar Equipment unless such damage was caused by the negligence or willful conduct of Sublessee, in which case such repairs shall be made by Sublessor at Sublessee's expense. Sublessee shall use the Solar Equipment in a careful and proper manner and shall comply with all warranties, laws, regulations and ordinances relating to its possession, use or maintenance.   Sublessee shall use the Solar Equipment within the United States only and shall not remove or transport the Solar Equipment outside of the United States at any time. Sublessor shall have the right from time to time, during reasonable business hours, to enter upon Sublessee's premises for the purpose of inspecting or repairing the Solar Equipment. Sublessee shall protect the Solar Equipment from deterioration other than normal wear and tear, and shall only use the Solar Equipment for its intended purpose and within normal capacity. Sublessee shall maintain all records, logs, manuals and other materials in respect of the Solar Equipment. Sublessee shall not make any modifications, alterations or additions to the Solar Equipment.

8.      **INSURANCE.**  Throughout the Term, Sublessee shall obtain, maintain, and keep the Solar Equipment insured against all risks of loss or damage from every cause whatsoever in an amount not less than the replacement cost.  Sublessee shall also obtain and maintain throughout the Term comprehensive commercial general liability insurance, covering liability for bodily injury, including death, and property damage resulting from the use and operation of the Solar Equipment in an amount no less than One Million Dollars ($1,000,000) per occurrence. Sublessor, its successors or assigns, shall be named as an additional insured with respect to insurance for damage or loss of the Solar Equipment and shall also be named as an additional insured and loss payee on the commercial general liability insurance.  Sublessee shall pay all premiums for such insurance and shall deliver to Sublessor proof reasonably satisfactory to Sublessor evidencing the required insurance. All insurance shall provide at least thirty (30) days advance written notice to Sublessor before any cancellation or material modification thereof. Sublessee hereby irrevocably appoints Sublessor as Sublessee's attorney-in-fact to make claim for, receive payment of, and execute and endorse all documents, checks or drafts received in payment for loss or damage under any insurance policy. Sublessee agrees if Sublessee shall fail to procure, maintain, and pay for such insurance, Sublessor shall have the right, but not the obligation, to obtain such insurance on behalf of and at the expense of Sublessee. In the event Sublessor does obtain such insurance, Sublessee agrees to pay all costs thereof with the next rental payment.

9.      **CASUALTY.**

(a)  Sublessee shall notify Sublessor within 3 Business Days after the occurrence of any damage or destruction to the Solar Equipment from any cause whatsoever (other than ordinary wear and tear) ("Casualty Event").

(b)  If such Casualty Event does not result in the total destruction of the Solar Equipment or damage to the Solar Equipment that is uneconomic to repair (an "Event of Loss"), then Sublessee shall repair or restore the Solar Equipment in accordance with this Sublease and the provisions below:

(i)  Any insurance proceeds relating to such Casualty Event shall be held by Sublessor (and if received by Sublessee shall be promptly remitted to Sublessor to be held by Sublessor) as security for the performance of Sublessee of its obligations in respect of such Casualty Event and shall be applied by Sublessor to reimburse Sublessee for the costs of repairing or restoring the Solar Equipment upon receipt by Sublessor of evidence satisfactory to Sublessor that such repair or restoration has been completed together with an invoice therefore.

(ii) Sublessee shall commence such repair or restoration as promptly as reasonably practicable, but in any event within thirty (30) days after such Casualty Event. Title to the repaired or restored Solar Equipment shall vest in Lessor as such portions of the Solar Equipment are repaired or replaced, and such title shall become subject to the Master Lease and this Sublease, automatically without any further act, and, at Sublessee's sole cost and expense, all appropriate filings and recordings requested by Sublessor shall be made.

If any of the forgoing conditions cannot be or is not satisfied, such Casualty Event shall be deemed to constitute an Event of Loss.

(c) Sublessee assumes the risk of loss of, or damage to, the Solar Equipment covered by this Sublease from any and every cause whatsoever, notwithstanding Section 2A-219(1) of the Uniform Commercial Code, including, but not limited to, casualty, collision, upset, fire, theft, malicious mischief, vandalism, graffiti and mysterious disappearance, except as otherwise provided in this Sublease.  No such loss or damage relieves Sublessee from any obligation under this Sublease.

(d) If, in Sublessor's judgment, the Solar Equipment has been lost, stolen, destroyed or damaged beyond repair, Sublessee shall pay Sublessor upon demand all accrued Sublease charges to the date of the occurrence, together with all insurance proceeds Sublessee receives for the lost, stolen, destroyed or damaged beyond repair Solar Equipment.  The unavailability of insurance proceeds shall not relieve Sublessee of its liability to Sublessor for the lost, stolen, destroyed or damaged beyond repair Solar Equipment.  The parties agree to adjust any remaining sublease payments accordingly after the date of occurrence.

10.     **RETURN.**

(a)  Upon the expiration or termination of this Sublease, Sublessee shall return the Solar Equipment to Sublessor at 4901 Park Road, Benicia, CA, or such other address as Sublessor may designate in writing.  Reasonable costs to return the Solar Equipment shall be borne by Sublessor.  At the time of such return, the Solar Equipment will be (i) in the same condition and appearance as when received by Sublessee, ordinary wear and tear excepted, (ii) in a condition as to demonstrate that Sublessee has in all respects complied with its obligations under this Agreement and (iii) free and clear of all mortgages, pledges, security interests, liens, encumbrances, leases, dispositions of title or other charges of any kind on property granted by Sublessee.  Any holding over after the expiration of the Term shall be on a month-to-month basis and subject to all the terms of this Agreement.

(b)  Upon the return of the Solar Equipment, Sublessee shall deliver or cause to be delivered to Sublessor all logs, manuals and data and inspection, modification and overhaul records which are in Sublessee's possession or are required to be maintained with respect thereto under applicable law.

(c)  In the event that any of the Solar Equipment is not returned in the condition required by Section 10(a), Sublessor shall be entitled to, in its sole discretion, either (i) require Sublessee, at Sublessee's expense, to rectify any defects or deficiencies, and Sublessee shall promptly comply with any such requirement; or (ii) repair or rectify any defects or deficiencies and charge the cost of same to Sublessee, payment for which shall be due within ten (10) days or Sublessee's receipt of invoice from Sublessor.

11.    TAXES. Sublessee shall comply with all laws and regulations relating to the use of the Solar Equipment. Sublessor shall pay when due, all license fees, registration fees  and property taxes, assessments, charges and other taxes, municipal, state and federal, which may now or hereafter be imposed upon the possession, leasing, renting, operation, control, or use of the Solar Equipment, except for sales and use taxes.  Sublessee shall pay all sales and use taxes relating to the use of the Solar Equipment.  Sublessee will bear no obligation for payment or reimbursement of any other assessments, fees or taxes mentioned above associated with the Solar equipment.

12.    INDEMNITY.

(a)    Sublessee hereby indemnifies, defends and holds harmless Sublessor, each of its affiliates and their respective officers, directors, partners, shareholders, members, agents, employees, attorneys, accountants, representatives, successors and permitted assigns, from any and all liability, obligations, losses, damages, penalties, claims, suits,  interest, penalties and costs and expenses (including removal costs, remediation costs, closure costs, fines, penalties, reasonable attorneys' fees and reasonable out-of-pocket disbursements) (collectively "Damages"), arising out of or related to the possession, leasing, renting, operation, maintenance, repair, control, or use of the Solar Generators, unless and to the extent such Damages arise out of or result from the (i) negligence or willful misconduct of Sublessor, or (ii) through no fault, act or omission of Sublessee. Sublessee's indemnification obligations under this Section 12(a) shall continue in full force and effect notwithstanding the expiration or other termination of this Sublease.

(b)    Sublessor hereby defends, indemnifies, and holds harmless Sublessee and its officers, directors, employees, affiliates, representatives and agents from any and all Damages, arising out of or resulting from (i) Sublessor's transportation, maintenance, repair, or ownership of the Solar Generators or defects in the Solar Generators not caused by Sublessee, unless and to the extent such Damages arise out of the gross negligence or willful misconduct of Sublessee or (ii) Sublessor's breach of the Master Lease Agreement.

13.    DEFAULT. Any of the following shall constitute an event of default hereunder:

(a) Sublessee's failure to make any payment when due, when such failure continues for ten (10) days after Sublessee's receipt of written notice from Sublessor specifying the default;

(b) Sublessee's failure to perform any obligation, covenant, agreement, term, or condition contained or referred to in this Sublease;

(c) Sublessee's failure to perform any obligation, covenant, agreement, term, or condition contained or referred to in the Master Lease which is applicable to Sublessee;

(e) Sublessee attempts to sell, assign, transfer or encumber any of the Solar Equipment;

(f) Any levy, seizure, or attachment of or upon the Solar Equipment;

(g) Sublessee or Sublessor becomes insolvent or makes an assignment for the benefit of creditors;

(h) A petition is filed by or against Sublessee or Sublessor under the Bankruptcy Code and in the event of an involuntary petition, if such case is not dismissed within sixty (60) days after the filing thereof;

(i) A Receiver, Trustee, Conservator, or Liquidator is appointed for Sublessee or Sublessor either with or without the application and consent of Sublessee or Sublessor, as applicable;

(j) Any statement, representation or warranty furnished by Sublessee or Sublessor in relation to this Sublease shall be untrue or unperformed in any material respect;

(k) Sublessee or Sublessor breaches any of the terms of any loan or credit agreement, or defaults thereunder, or if the condition of Sublessee's affairs shall so change as to, in Sublessor's good faith opinion, place the Solar Equipment in jeopardy or render Sublessee's continued performance of this Sublease improbable.

14.    REMEDIES.  Upon the occurrence of any event of default by Sublessee, Sublessor (a) may declare each and every obligation of Sublessee to Sublessor under this Sublease immediately due and payable and recover the balance of rents and charges due under this Sublease; (b) may take immediate possession of the Solar Generators and enter upon Sublessee's premises and remove the Solar Generators; (c) shall be entitled to all collection costs, costs of repair, maintenance or rehabilitation of the Solar Generators, and reasonable attorney's fees and out-of-pocket expenses; and/or (d) terminate the Sublease. No failure on the part of Sublessor to exercise, and no delay in exercising, any right or remedy hereunder shall operate as a waiver thereof.

15.    OWNERSHIP; PERSONAL PROPERTY. The Solar Equipment is, and shall at all times be and remain the sole and exclusive property of  Lessor, and Sublessee shall have no right, title or interest therein or thereto, except as provided in this Sublease. The Solar Equipment is, and at all times shall remain, personal property notwithstanding that the Solar Equipment or any item thereof may be in any manner affixed or attached to or imbedded in, or permanent by resting upon real property or any improvement thereof or attached in any manner to what is permanent. If requested by Sublessor at any time during the Term with respect to any item of Solar Equipment, Sublessee will obtain and deliver to Sublessor waivers of mechanic's liens or similar liens in recordable form, satisfactory to Sublessor, from all persons claiming any interest in the real property on which such item is installed or located. Sublessee hereby assigns to Sublessor all rights of Sublessee to Solar Equipment which may be or become fixtures within the meaning of California Commercial Code Section 10309 or any similar provision of law. So long as Sublessee shall not be in default and fully performs all of its obligations hereunder, Sublessor will not interfere with the quiet enjoyment of the Solar Equipment by Sublessee.

16.    ABATEMENT AND OFFSET. Sublessee shall not be entitled to any abatement of rent or offset due to the performance or lack of performance of the Solar Equipment. This Sublease shall not terminate nor the respective obligations of Sublessor or Sublessee be otherwise affected, nor shall Sublessor have any liability whatsoever to Sublessee, by reason of any defect in or damage to or loss or destruction

of any or all items of Solar Equipment from whatever cause, including without limitation, any prohibition, commercial frustration or impracticability of Sublessee's use of the Solar Equipment or any item thereof, or the interference with such use by any government, person or corporation. Sublessee specifically acknowledges the foregoing as Sublessee's responsibility under the terms and conditions of this Sublease.

17.     TAX DEDUCTIONS AND CREDITS.   Sublessor assumes no liability and makes no representation as to the treatment of the rental payments made hereunder by any federal, state or local taxing authority, nor does Sublessor assume any liability for, or guaranty, the availability of tax benefits relating to this Sublease. Any and all solar tax credits and applicable equipment depreciation belong to Lessor and are not passed through to Sublessee

18.     NOTICES.  Any written notice or demand under this Sublease may be given to a party by mailing, faxing, emailing it or delivering it by hand to such party at its address set forth herein, or at such address as such party may provide in writing from time to time. Notice or demand so provided shall be deemed given when deposited in the United States mail duly addressed and with postage pre-paid, or on the date successful transmission of the fax or email is confirmed.

19.     THIRD PARTY BENEFICIARY.  Lessor is a third-party beneficiary to this Lease and is entitled to the rights and benefits hereunder and may enforce the provisions hereof as if it were a party hereto.

20.     MISCELLANEOUS. All obligations of Sublessee, if more than one person or entity, shall be joint and several. This Sublease shall be binding upon the parties, their successors and assigns. No provision which may be deemed unenforceable shall in any way invalidate any other provision or provisions, all of which shall remain in full force and effect. All paragraph headings are inserted for reference purposes only and shall not affect the interpretation or meaning of this Agreement. This Sublease and the Master Lease constitute the entire contract between the parties with regard to the subject matter hereof, are the final expression of agreement with respect thereto and supersede all prior oral or written discussions or agreements. There are no Sublease terms which are not contained herein or in the Master Lease. This Sublease may not be modified or amended in any way, except by a writing signed by both Sublessor and Sublessee. Time is of the essence in this Sublease and each and all of its provisions. This Sublease shall be interpreted, construed and/or enforced pursuant to the laws of the State of California. This Sublease may be executed in any number of counterparts, each of which shall be an original but all of which together shall constitute one instrument.

**THIS SUBLEASE IS NON-CANCELLABLE FOR THE TERM INDICATED ABOVE. SUBLESSEE'S OBLIGATION TO PAY RENT AND ANY OTHER AMOUNTS OWING HEREUNDER IS ABSOLUTE AND UNCONDITIONAL IN ALL EVENTS.**

IN WITNESS WHEREOF, the parties have executed this agreement as of the date first written above.

SUBLESSOR:                                              SUBLESSEE:

DC SOLAR DISTRIBUTION, INC., a                          INTERNATIONAL SPEEDWAY CORPORATION, a
California corporation                                   Florida Corporation

By: _____                              By: _____
Its:      President                                     Its:   SVP, Legal

## SCHEDULE A

(Solar Equipment)

DC Solar to provide ISC 500 units, serial/vin numbers provided as they become available

# EXHIBIT A
## ACCEPTANCE CERTIFICATE

Sublessee hereby acknowledges that the Solar Generators identified on Table 1 attached hereto have been delivered to Sublessee at the location identified below.  Each Solar Generator has been tested and inspected by Sublessee, found to be in good working order, and is accepted by Sublessee in accordance with the Sublease as of the date indicated below.

Delivery Location:_____

Acceptance Date:_____

IN WITNESS WHEREOF, the undersigned has executed this Acceptance Certificate as of the day and year set forth above.

_____

By:_____

Printed Name:_____

Title:_____

# TABLE 1
*TO*
# EXHIBIT A

| MAKE/MODEL | SERIAL NUMBER | NOTES |
|------------|---------------|-------|

# EXHIBIT A
## ACCEPTANCE CERTIFICATE

Sublessee hereby acknowledges that the Solar Generators identified on Table 1 attached hereto have been delivered to Sublessee at the location identified below.

Delivery Location: _____ Richmond Raceway_____

Acceptance Date:_____ 1/18/18 _____

IN WITNESS WHEREOF, the undersigned has executed this Acceptance Certificate as of the day and year set forth above.

_Richmond Raceway_____

By: _____

Printed Name: _Dennis J. Bickmeier___

Title: _President_____

**TABLE 1**
*TO*
**EXHIBIT A**

| MAKE/MODEL | SERIAL NUMBER | NOTES |
|---|---|---|
| | 4HXbs1720JC196540 | |
| | 4HXbs1720JC196554 | |
| | 4HXbs1720JC196571 | |
| | 4HXbs1721JC196465 | |
| | 4HXbs1721JC196479 | |
| | 4HXbs1721JC196482 | |
| | 4HXbs1721JC196496 | |
| | 4HXbs1721JC196501 | |
| | 4HXbs1721JC196515 | |
| | 4HXbs1721JC196532 | |
| | 4HXbs1721JC196546 | |
| | 4HXbs1721JC196563 | |
| | 4HXbs1721JC196577 | |
| | 4HXbs1721JC196613 | |
| | 4HXbs1722JC196474 | |
| | 4HXbs1722JC196488 | |
| | 4HXbs1722JC196491 | |
| | 4HXbs1722JC196507 | |
| | 4HXbs1722JC196510 | |
| | 4HXbs1722JC196524 | |
| | 4HXbs1722JC196541 | |
| | 4HXbs1722JC196572 | |
| | 4HXbs1722JC196586 | |
| | 4HXbs1722JC196605 | |
| | 4HXbs1722JC196622 | |
| | 4HXbs1723JC196466 | |
| | 4HXbs1723JC196497 | |
| | 4HXbs1723JC196502 | |
| | 4HXbs1723JC196516 | |
| | 4HXbs1723JC196564 | |
| | 4HXbs1723JC196581 | |
| | 4HXbs1723JC196600 | |

4HXbs1724JC196475
4HXbs1724JC196492
4HXbs1724JC196556
4HXbs1724JC196590
4HXbs1724JC196606
4HXbs1724JC196623
4HXbs1725JC196484
4HXbs1725JC196503
4HXbs1725JC196520
4HXbs1725JC196551
4HXbs1725JC196601
4HXbs1726JC196476
4HXbs1726JC196509
4HXbs1726JC196512
4HXbs1727JC196485
4HXbs1727JC196499
4HXbs1727JC196504
4HXbs1727JC196518
4HXbs1727JC196521
4HXbs1727JC196583
4HXbs1727JC196597
4HXbs1727JC196602
4HXbs1728JC196530
4HXbs1728JC196589
4HXbs1728JC196592
4HXbs1728JC196608
4HXbs1729JC196469
4HXbs1729JC196472
4HXbs1729JC196486
4HXbs1729JC196505
4HXbs1729JC196522
4HXbs1729JC196536
4HXbs1729JC196567
4HXbs172XJC196495
4HXbs172XJC196545
4HXbs172XJC196562
4HXbs172XJC196576
4HXbs172XJC196593

4HXSC1720FC178964
4HXSC1720FC179029
4HXSC1720FC179032
4HXSC1720FC179063
4HXSC1720FC179130
4HXSC1720FC179144
4HXSC1721FC178987
4HXSC1721FC178990
4HXSC1721FC179024
4HXSC1721FC179038
4HXSC1721FC179086
4HXSC1721FC179105
4HXSC1721FC179122
4HXSC1723FC179011
4HXSC1723FC179154
4HXSC1724FC179003
4HXSC1724FC179051
4HXSC1725FC178975
4HXSC1726FC178970
4HXSC1726FC178984
4HXSC1726FC179150
4HXSC1727FC179030
4HXSC1727FC179089
4HXSC1727FC179125
4HXSC1728FC178954
4HXSC1728FC179117
4HXSC1728FC179134
4HXSC1729FC179157
4HXSC172XFC179099
4HXSC172XFC179104

# EXHIBIT A
## ACCEPTANCE CERTIFICATE

Sublessee hereby acknowledges that the Solar Generators identified on Table 1 attached hereto have been delivered to Sublessee at the location identified below.

Delivery Location: __ ___Fontana_____

Acceptance Date:_ _____ __ _ _____ _____ _ _ _ _____ _____

IN WITNESS WHEREOF, the undersigned has executed this Acceptance Certificate as of the day and year set forth above.

By: _____

Printed Name: _____*Dave Allen*_____

Title:_____*President*_____

# TABLE 1
*TO*
# EXHIBIT A

| MAKE/MODEL | SERIAL NUMBER | NOTES |
|------------|---------------|-------|
| | 4HXSC1720FC178995 | |
| | 4HXSC1720FC179001 | |
| | 4HXSC1720FC179077 | |
| | 4HXSC1722FC178951 | |
| | 4HXSC1722FC178979 | |
| | 4HXSC1722FC179033 | |
| | 4HXSC1722FC179047 | |
| | 4HXSC1722FC179095 | |
| | 4HXSC1722FC179114 | |
| | 4HXSC1723FC179008 | |
| | 4HXSC1723FC179087 | |
| | 4HXSC1723FC179106 | |
| | 4HXSC1723FC179137 | |
| | 4HXSC1723FC179140 | |
| | 4HXSC1724FC178952 | |
| | 4HXSC1724FC178983 | |
| | 4HXSC1724FC179079 | |
| | 4HXSC1725FC178992 | |
| | 4HXSC1725FC179060 | |
| | 4HXSC1725FC179155 | |
| | 4HXSC1726FC179049 | |
| | 4HXSC1726FC179097 | |
| | 4HXSC1726FC179116 | |
| | 4HXSC1726FC179133 | |
| | 4HXSC1727FC178962 | |
| | 4HXSC1727FC179027 | |
| | 4HXSC1727FC179111 | |
| | 4HXSC1727FC179139 | |
| | 4HXSC1728FC178971 | |
| | 4HXSC1728FC179084 | |
| | 4HXSC1728FC179151 | |
| | 4HXSC1729FC178977 | |

4HXSC1729FC178980
4HXSC1729FC179059
4HXSC1729FC179076
4HXSC1729FC179093
4HXSC1729FC179112
4HXSC1729FC179126
4HXSC172XFC179006
4HXSC172XFC179054
4HXSC172XFC179068
4HXSC172XFC179085
4HXSC1720FC178978
4HXSC1720FC179080
4HXSC1720FC179094
4HXSC1720FC179113
4HXSC1721FC178973
4HXSC1721FC179041
4HXSC1721FC179069
4HXSC1721FC179072
4HXSC1722FC178996
4HXSC1722FC179050
4HXSC1722FC179064
4HXSC1722FC179078
4HXSC1722FC179081
4HXSC1722FC179128
4HXSC1723FC178974
4HXSC1723FC179073
4HXSC1723FC179090
4HXSC1723FC179123
4HXSC1724FC179020
4HXSC1724FC179048
4HXSC1724FC179082
4HXSC1724FC179096
4HXSC1724FC179115
4HXSC1724FC179132
4HXSC1725FC179026
4HXSC1725FC179043
4HXSC1725FC179091
4HXSC1725FC179107

4HXSC1726FC178953
4HXSC1726FC179035
4HXSC1726FC179066
4HXSC1726FC179083
4HXSC1726FC179102
4HXSC1727FC179108
4HXSC1728FC178968
4HXSC1728FC179019
4HXSC1728FC179053
4HXSC1728FC179070
4HXSC1728FC179103
4HXSC1728FC179120
4HXSC1728FC179148
4HXSC1729FC178994
4HXSC1729FC179045
4HXSC172XFC179023
4HXSC172XFC179037
4HXSC172XFC179071
4HXSC172XFC179121
4HXSC172XFC179135
50L2E2220FW001131
50L2E2221FW001137
50L2E2221FW001140
50L2E2222FW001132
50L2E2223FW001138
50L2E2224FW001133
50L2E2225FW001139
50L2E2226FW001134
50L2E2228FW001135
50L2E222XFW001136

# EXHIBIT A
## ACCEPTANCE CERTIFICATE

Sublessee hereby acknowledges that the Solar Generators identified on Table 1 attached hereto have been delivered to Sublessee at the location identified below.

Delivery Location:     Kansas Speedway

Acceptance Date:     January 19, 2018

IN WITNESS WHEREOF, the undersigned has executed this Acceptance Certificate as of the day and year set forth above.

By: _____

Printed Name:  PATRICK C. WARREN

Title:  PRESIDENT

# TABLE 1
## *TO*
## EXHIBIT A

| MAKE/MODEL | SERIAL NUMBER | NOTES |
|---|---|---|
| Hybrid Generator | 4HXSC1720FC179127 | |
| Hybrid Generator | 4HXSC1721FC179119 | |
| Hybrid Generator | 4HXSC1722FC179002 | |
| Hybrid Generator | 4HXSC1722FC179131 | |
| Hybrid Generator | 4HXSC1724FC179065 | |
| Hybrid Generator | 4HXSC1724FC179101 | |
| Hybrid Generator | 4HXSC1725FC178989 | |
| Hybrid Generator | 4HXSC1726FC178967 | |
| Hybrid Generator | 4HXSC1727FC178993 | |
| EV Charging Station | 4HXSC1727FC179044 | |
| Hybrid Generator | 4HXSC1727FC179061 | |
| Hybrid Generator | 4HXSC1727FC179092 | |
| Hybrid Generator | 4HXSC1729FC179062 | |
| Hybrid Generator | 4HXSC172XFC178972 | |
| Hybrid Generator | 4HXSC172XFC179040 | |
| Light Tower | 50L2E2220FW001050 | |
| Light Tower | 50L2E2220FW001064 | Broken panel frame, bent jack |
| Light Tower | 50L2E2220FW001078 | |
| Light Tower | 50L2E2220FW001081 | Bent jack |
| Light Tower | 50L2E2220FW001095 | |
| Light Tower | 50L2E2220FW001100 | Broken panel frame |
| Light Tower | 50L2E2220FW001114 | |
| Light Tower | 50L2E2220FW001128 | |
| Light Tower | 50L2E2221FW001039 | |
| Light Tower | 50L2E2221FW001056 | |
| Light Tower | 50L2E2221FW001073 | |
| Light Tower | 50L2E2221FW001087 | |
| Light Tower | 50L2E2221FW001090 | Broken panels and panel frames |
| Light Tower | 50L2E2221FW001106 | |
| Light Tower | 50L2E2221FW001123 | |
| Light Tower | 50L2E2222FW001048 | |
| Light Tower | 50L2E2222FW001051 | Bent fender |
| Light Tower | 50L2E2222FW001065 | |
| Light Tower | 50L2E2222FW001079 | Bent jack |
| Light Tower | 50L2E2222FW001082 | Broken panel frame |
| Light Tower | 50L2E2222FW001096 | |

| | | |
|---|---|---|
| Light Tower | 50L2E2222FW001101 | Bent fender |
| Light Tower | 50L2E2222FW001115 | |
| Light Tower | 50L2E2222FW001129 | |
| Light Tower | 50L2E2223FW001043 | |
| Light Tower | 50L2E2223FW001057 | |
| Light Tower | 50L2E2223FW001060 | Bent fender, bent jack |
| Light Tower | 50L2E2223FW001074 | |
| Light Tower | 50L2E2223FW001088 | Bent jack |
| Light Tower | 50L2E2223FW001091 | |
| Light Tower | 50L2E2223FW001107 | Broken panel frame |
| Light Tower | 50L2E2223FW001110 | Bent fender, broken light mast |
| Light Tower | 50L2E2223FW001124 | |
| Light Tower | 50L2E2224FW001004 | Bent fender |
| Light Tower | 50L2E2224FW001049 | Broken panels, broken panel frames |
| Light Tower | 50L2E2224FW001052 | |
| Light Tower | 50L2E2224FW001066 | Broken panel frame |
| Light Tower | 50L2E2224FW001083 | |
| Light Tower | 50L2E2224FW001097 | |
| Light Tower | 50L2E2224FW001102 | |
| Light Tower | 50L2E2224FW001116 | |
| Light Tower | 50L2E2225FW001058 | Broken panels, broken panel frames |
| Light Tower | 50L2E2225FW001061 | Bent fender |
| Light Tower | 50L2E2225FW001075 | Bent fender, broken panel frame |
| Light Tower | 50L2E2225FW001089 | |
| Light Tower | 50L2E2225FW001092 | |
| Light Tower | 50L2E2225FW001108 | |
| Light Tower | 50L2E2225FW001111 | |
| Light Tower | 50L2E2225FW001125 | Bent jack |
| Light Tower | 50L2E2226FW001067 | |
| Light Tower | 50L2E2226FW001070 | |
| Light Tower | 50L2E2226FW001084 | |
| Light Tower | 50L2E2226FW001098 | Broken tail light |
| Light Tower | 50L2E2226FW001103 | Bent jack |
| Light Tower | 50L2E2226FW001117 | |
| Light Tower | 50L2E2226FW001120 | |
| Light Tower | 50L2E2227FW001059 | Bent fender, broken panel frame |
| Light Tower | 50L2E2227FW001062 | |
| Light Tower | 50L2E2227FW001076 | |
| Light Tower | 50L2E2227FW001093 | Bent jack |
| Light Tower | 50L2E2227FW001109 | |
| Light Tower | 50L2E2227FW001112 | |
| Light Tower | 50L2E2227FW001126 | |
| Light Tower | 50L2E2228FW001054 | |

| | | |
|---|---|---|
| Light Tower | 50L2E2228FW001068 | Bent jack |
| Light Tower | 50L2E2228FW001071 | |
| Light Tower | 50L2E2228FW001085 | |
| Light Tower | 50L2E2228FW001099 | Broken panel frame |
| Light Tower | 50L2E2228FW001104 | Broken panel frame |
| Light Tower | 50L2E2228FW001118 | |
| Light Tower | 50L2E2228FW001121 | Bent jack |
| Light Tower | 50L2E2229FW001063 | |
| Light Tower | 50L2E2229FW001077 | Bent fender, broken jack handle, broken tail light |
| Light Tower | 50L2E2229FW001080 | Bent fender |
| Light Tower | 50L2E2229FW001094 | |
| Light Tower | 50L2E2229FW001113 | Broken panel |
| Light Tower | 50L2E2229FW001127 | |
| Light Tower | 50L2E2229FW001130 | |
| Light Tower | 50L2E222XFW001055 | |
| Light Tower | 50L2E222XFW001069 | Bent jack |
| Light Tower | 50L2E222XFW001072 | Bent jack |
| Light Tower | 50L2E222XFW001086 | |
| Light Tower | 50L2E222XFW001105 | |
| Light Tower | 50L2E222XFW001119 | Bent fender |
| Light Tower | 50L2E222XFW001122 | |

# EXHIBIT A
## ACCEPTANCE CERTIFICATE

Sublessee hereby acknowledges that the Solar Generators identified on Table 1 attached hereto have been delivered to Sublessee at the location identified below.

Delivery Location:     Michigan International Speedway

Acceptance Date:     1 . 19 . 18

IN WITNESS WHEREOF, the undersigned has executed this Acceptance Certificate as of the day and year set forth above.

By: _____

Printed Name: Rice Brenner

Title: Pres. - MIS

# TABLE 1
*TO*
# EXHIBIT A

| MAKE/MODEL | SERIAL NUMBER | NOTES |
|---|---|---|
| | 4HXSC1720FC178981 | |
| | 4HXSC1728FC178985 | |
| | 4HXSC1724FC178997 | |
| | 4HXSC1726FC178998 | |
| | 4HXSC1721FC179010 | |
| | 4HXSC1729FC179031 | |
| | 4HXSC1728FC179036 | |
| | 4HXSC1723FC179042 | |
| | 4HXSC1725FC179074 | |
| | 4HXSC1728FC179098 | |
| | 4HXSC1725FC179110 | |
| | 4HXSC1721FC179136 | |
| | 4HXSC1725FC179141 | |
| | 4HXSC1727FC179142 | |
| | 4HXSC1726FC179147 | |
| | 4HXbs1727JC196471 | |
| | 4HXbs1728JC196477 | |
| | 4HXbs1728JC196480 | |
| | 4HXbs172XJC196481 | |
| | 4HXbs1724JC196489 | |
| | 4HXbs1726JC196493 | |
| | 4HXbs1728JC196494 | |
| | 4HXbs1725JC196498 | |
| | 4HXbs172XJC196500 | |
| | 4HXbs1720JC196506 | |
| | 4HXbs1724JC196508 | |
| | 4HXbs1729JC196519 | |
| | 4HXbs1720JC196523 | |
| | 4HXbs172XJC196531 | |
| | 4HXbs1725JC196548 | |
| | 4HXbs1729JC196553 | |
| | 4HXbs1726JC196560 | |

4HXbs1729JC196570

4HXbs1723JC196578

4HXbs172XJC196609

4HXbs1726JC196610

4HXbs1720JC196618

4HXbs1722JC196619

4HXSC1729FC178963   Broken Solar Panel Brackets

4HXSC1722FC178965

4HXSC172XFC178969

4HXSC1722FC178982

4HXSC1723FC178988

4HXSC1723FC178991

4HXSC1726FC179004

4HXSC1721FC179007

4HXSC1725FC179009

4HXSC1722FC179016

4HXSC1728FC179022

4HXSC1729FC179028

4HXSC1724FC179034

4HXSC1723FC179039

4HXSC1726FC179052

4HXSC1725FC179088

50L2E2227FW001000   Broken Solar Panel Bracket

50L2E2229FW001001   Broken Bracket For Jack / Broken Solar Panel Bracket

50L2E2220FW001002   Broken Bracket For Jack

50L2E2226FW001005   Broken Solar Panel Bracket

50L2E2228FW001006

50L2E222XFW001007

50L2E2221FW001008   Broken Solar Panel Bracket / Right Fender Damage

50L2E2223FW001009   Broken Bracket For Jack

50L2E222XFW001010   Broken Solar Panel Bracket

50L2E2221FW001011

1U92E2223FW001012   Broken Solar Panel Bracket

50L2E2225FW001013   Broken Solar Panel Bracket

50L2E2227FW001014

50L2E2229FW001015

50L2E2220FW001016

50L2E2222FW001017   Broken Solar Panel Bracket



50L2E2224FW001018

50L2E2226FW001019   Broken Solar Panel Bracket / Broken Bracket For Jack

50L2E2222FW001020   Broken Solar Panel Bracket / Broken Bracket For Jack

50L2E2224FW001021   Broken Solar Panel Bracket / Broken Bracket For Jack

50L2E2226FW001022   Broken Solar Panel Bracket

50L2E2228FW001023   Broken Bracket For Jack

50L2E222XFW001024   Broken Solar Panel Bracket

50L2E2221FW001025

50L2E2223FW001026   Two Lights Are Broke And Two Lights Are Missing

50L2E2225FW001027   Broken Bracket For Jack

50L2E2227FW001028   Broken Solar Panel Bracket / Broken Bracket For Jack

50L2E2229FW001029   Broken Solar Panel Bracket

50L2E2225FW001030   Broken Solar Panel Bracket

50L2E2227FW001031

50L2E2229FW001032

50L2E2220FW001033   Major Damage To Frame For Lights

50L2E2222FW001034   Major Damage To Frame For Solar Panels And Lights

50L2E2224FW001035

50L2E2226FW001036   Broken Solar Panel Brackets And Solar Panels Missing

50L2E2228FW001037   Broken Solar Panel Brackets

50L2E222XFW001038   Broken Solar Panel Bracket / Broken Bracket For Jack

50L2E2228FW001040   Broken Solar Panel Bracket

50L2E222XFW001041

50L2E2221FW001042   Broken Bracket For Jack

50L2E2225FW001044   Broken Solar Panel Brackets

50L2E2227FW001045   Broken Solar Panel Bracket / Broken Bracket For Jack

50L2E2229FW001046   Broken Solar Panel Brackets

50L2E2220FW001047   Broken Solar Panel Brackets

50L2E2226FW001053

50L2E2222FW001003   Broken Solar Panel Brackets / Broken Bracket For Jack

# EXHIBIT A
## ACCEPTANCE CERTIFICATE

Sublessee hereby acknowledges that the Solar Generators identified on Table 1 attached hereto have been delivered to Sublessee at the location identified below.

Delivery Location: _____ Talladega Superspeedway _____

Acceptance Date: _____ 1/19/2018 _____

IN WITNESS WHEREOF, the undersigned has executed this Acceptance Certificate as of the day and year set forth above.

By: _____

Printed Name: _____ W. GRANT LYNCH, JR. _____

Title: _____ Chairman _____

# TABLE 1
*TO*
# EXHIBIT A

| MAKE/MODEL | SERIAL NUMBER | NOTES |
|---|---|---|
| | 4HXSC1724FC178966 | |
| | 4HXSC1728FC178999 | |
| | 4HXSC1728FC179005 | |
| | 4HXSC1729FC179014 | |
| | 4HXSC1720FC179015 | |
| | 4HXSC1724FC179017 | |
| | 4HXSC1726FC179018 | |
| | 4HXSC1721FC179055 | |
| | 4HXSC1727FC179058 | |
| | 4HXSC1727FC179075 | |
| | 4HXSC1722FC179100 | |
| | 4HXSC172XFC179118 | |
| | 4HXSC1725FC179124 | |
| | 4HXSC1729FC179143 | |
| | 4HXSC1722FC179145 | |
| | 4HXSC1724FC179146 | |
| | 4HXSC172XFC179149 | |
| | 4HXSC172XFC179152 | |
| | 4HXSC1721FC179153 | |
| | 4HXbs1725JC196467 | |
| | 4HXbs1727JC196468 | |
| | 4HXbs1725JC196470 | |
| | 4HXbs1720JC196473 | |
| | 4HXbs172XJC196478 | |
| | 4HXbs1723JC196483 | |
| | 4HXbs1720JC196487 | |
| | 4HXbs1724JC196511 | |
| | 4HXbs1728JC196513 | |
| | 4HXbs172XJC196514 | |
| | 4HXbs1725JC196517 | |
| | 4HXbs1726JC196526 | |
| | 4HXbs1728JC196527 | |

4HXbs172XJC196528
4HXbs1721JC196529
4HXbs1723JC196533
4HXbs1725JC196534
4HXbs1727JC196535
4HXbs1720JC196537
4HXbs1722JC196538
4HXbs1724JC196539
4HXbs1724JC196542
4HXbs1726JC196543
4HXbs1728JC196544
4HXbs1723JC196547
4HXbs1727JC196549
4HXbs1723JC196550
4HXbs1727JC196552
4HXbs1722JC196555
4HXbs1726JC196557
4HXbs1728JC196558
4HXbs172XJC196559
4HXbs1728JC196561
4HXbs1725JC196565
4HXbs1727JC196566
4HXbs1720JC196568
4HXbs1722JC196569
4HXbs1724JC196573
4HXbs1726JC196574
4HXbs1728JC196575
4HXbs1725JC196579
4HXbs1721JC196580
4HXbs1725JC196582
4HXbs1729JC196584
4HXbs1720JC196585
4HXbs1724JC196587
4HXbs1726JC196588
4HXbs1726JC196591
4HXbs1721JC196594
4HXbs1723JC196595
4HXbs1725JC196596

4HXbs1729JC196598
4HXbs1720JC196599
4HXbs1729JC196603
4HXbs1720JC196604
4HXbs1726JC196607
4HXbs1728JC196611
4HXbs172XJC196612
4HXbs1723JC196614
4HXbs1725JC196615
4HXbs1727JC196616
4HXbs1729JC196617
4HXbs1729JC196620
4HXbs1720JC196621
4HXSC1727FC178976
4HXSC172XFC178986
4HXSC1729FC179000
4HXSC1725FC179012
4HXSC1727FC179013
4HXSC1726FC179021
4HXSC1723FC179025
4HXSC1720FC179046
4HXSC1723FC179056
4HXSC1725FC179057
4HXSC1728FC179067
4HXSC1729FC179109
4HXSC1724FC179129
4HXSC1725FC179138
4HXSC1727FC179156
4HXbs1720JC196490
4HXbs1724JC196525